1825.

SEBRING
v
MERSEREAU.

## CLARKSON v. DE PEYSTER.

Where the amount of a Master's Report against a defendant is ordered, for security, to be brought into court and invested in stock, pending exceptions by the complainant, any gain or loss which may ultimately accrue on the sale of the stock, is to be received or borne by the defendant.

The payment into court, is a collateral security, and is not to be taken as a payment to the complainant.

BILL for account of guardianship. The master reported a balance due to the complainants of 12,616 dollars 82 cents. Exceptions were taken by the complainants, but none by the defendant. Pending the exceptions, the complainants moved for an order that the amount reported might be brought into court, which was accordingly done; and the money was invested by the order of the court in public stock, in the name of the Assistant Register, to the credit of the cause. The exceptions having subsequently been brought to a hearing, were overruled, except so far as related to the sum of two hundred dollars, with which the court decided that the defendant ought to be charged. A decree was made for the payment of the whole amount with interest, including the two hundred dollars, without noticing the stock. The defendant afterwards moved to modify the decree, so as to direct the payment into court to be credited on the execution. This was resisted on the ground, first, of irregularity, the decree having been entered of record and no longer resting in minutes. A petition for a rehearing, it was said, was necessary in such cases, 2 Johns. ch. 205. 2 Mad. ch. pr. 373. 13 Ves. 394. 4 Johns. ch. 545. Besides, an appeal had been filed by the complainants from the

1825.
19th November.

Payment into Court.

1825.

CLARKSON
v.
DE PEYSTER.

decree as it then stood.   Second, on the merits, the defendant ought not to be credited with the deposite, as a payment to that amount.   The loss, if any, from the fall of the stock, should be borne by him.   It was a mere security, and had there been a gain, he would have been entitled to it.   The court considered, that it was regular, to amend the decree, although it had been entered ; but, on the merits, was against the application.   The petition was therefore denied.   The complainants now petitioned, that the defendant might be ordered to pay them the amount of the master's report, with interest, without prejudice to the appeal, or that the stock might be sold, and the proceeds applied in part payment, so far as they might extend.

MR. ROOSEVELT, for the complainants.

This petition has been prepared in consequence of the suggestion of the court, on the argument of the defendant's application to amend the decree.   The complainants have been adjudged to be entitled to this money ; and there can be no reason why they should be kept out of it until the appeal is determined.   The result of that appeal may be to increase, but can not, by any possibility, diminish the amount.   No exceptions have been taken by the defendant.   The stock, then, must be sold, unless the defendant consents to pay the amount of the report, and take the stock to himself.   This he objects to doing, as the stock, it is said, has fallen, and the loss ought to be borne by the complainants.   After the decision made in relation to amending the decree, we consider the question no longer open for discussion.   It is res judicata and can not be reexamined collaterally.   If dissatisfied, the defendant should have appealed.

MR. SLOSSON, for the defendant.

The sole question is, upon which of the parties the loss arising from the depreciation of this stock is to fall.   The payment into court was made by the defendant in compliance with the order of the court ; an order entered on the petition of the complainants themselves.   It was not a gross sum by way of security, but the precise balance reported by the master with interest.   The stock too, in which the amount was invested by the Assistant Register, was purchased at the

instance, not of the defendant, but of the complainants. Af- **1825.**
ter the defendant had paid the money into court, he had noth- CLARKSON
ing further to do with it; and not having had the control of DE PEYSTER.
the investment, he ought not to be held responsible for the
loss.

MR. ROOSEVELT, in reply. True, the money was brought
into court, and invested at the instance of the complainants.
But did they not offer at the bar, to take it to themselves with-
out investment? And did not the defendant refuse to pay it
to them unless they would consent to abandon their exceptions
to the report, and would accept it in full? With respect to the
particular stock in which the investment was made, it was the
selection, not of the complainants, but of the officer of the
court. They had no agency in the designation; on the con-
trary, their advice was disregarded. The deposite was a mere
security, not a payment. And had a profit been made on
the stock, the defendant would have been entitled to it. The
law maxim then applies, qui sentit commodum, sentire debet
et onus. The case is analogous to that of a mortgage. If
the mortgaged premises, on a sale, yield a surplus, the mort-
gagor receives it, if a deficiency he pays it. See 1 Mad.
ch. pr. 352. 13 Ves. 562.

THE COURT. I perceive no reason for withholding from **19th Nov.**
the complainants, until the result of their appeal shall be
known, the amount reported by the master to be due to them
and confirmed by the court; no exceptions having been ta-
ken to that report by the defendant. To that sum with in-
terest, they are certainly entitled. The defendant himself, by
not excepting, is precluded from disputing it; and the amount
can not be reduced by the proceedings on the complainants'
appeal. The only question that remains, and it is one not
without difficulty, is, who is to bear the loss, should any be
sustained, as probably will be the case, on the sale of the
stock. This depends upon the nature of the payment made
by the defendant, under the order of the court, to the Assis-
tant Register, and with which the stock was purchased by the
direction of the court. Was it tantamount to a direct pay-
ment to the complainants? It appears to me that it was not.

1825.

CLARKSON
v.
DE PEYSTER.

They had not the control of it. It was deposited to the credit of the cause; and had there been a gain from the investment, the defendant would have been entitled to it. The stock was a mere security, as between debtor and creditor. And in such cases, the established rule is, that the debtor bears the loss if any arise. Let an order therefore be entered, that the defendant, within twenty days, pay to the complainants or their solicitor, the sum of 12,616 dollars and 82 cents with interest from the date of the Master's Report, or that in default thereof, the Assistant Register sell the stock, and pay over the proceeds to the complainants, reserving any surplus, in case there should be any, beyond the amount of 12,616 dollars and 82 cents with interest.